IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TWYNETTE YATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-0547-CV-W-ODS |
| ) | |
| KANSAS CITY AREA ) | |
| TRANSPORTATION AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES

Pending is Defendant's Motion to Dismiss, which targets Plaintiff's claim for punitive damages. The Court agrees with Defendant that the Missouri Human Rights Act ("MHRA") does not allow for recovery of punitive damages against a governmental entity,[1] so the motion (Doc. # 7) is granted.

The Eighth Circuit addressed this precise issue when it reviewed Missouri law and held that "[b]ecause the burden of a punitive damages award against a [governmental entity] ultimately falls on the taxpayers, and thus will fail to deter future harmful activity by the municipality itself, punitive damages are not usually recoverable against a [governmental entity] in Missouri." Kline v. City of Kansas City Fire Dep't, 175 F.3d 660, 669-70 (8th Cir. 1999), cert. denied, 528 U.S. 1155 (2000).

Plaintiff contends the MHRA's language combined with various subsequent decisions from Missouri courts cast doubt on Kline's accuracy in predicting how the Missouri Supreme Court would resolve this issue. The Court disagrees. The MHRA includes governmental entities within the definition of employer, but does not specifically say punitive damages are available in suits against governmental entities as required by Missouri law. Id. at 670 (citing Chappell v. City of Springfield, 423 S.W.2d 810, 814-15 (Mo. 1968) and Angelo v. City of Hazelwood, 810 S.W.2d 706, 707 (Mo. Ct. App.

---

[1]Plaintiff concedes Title VII does not allow her to recover punitive damages from a governmental entity.

1991)).  As the Eighth Circuit explained, "a result cobbled together from different sections of the statute is insufficiently explicit under the Missouri cases to overcome the presumption against punitive damages when a [governmental entity] is a defendant that has been found liable."  Id.  As for the decisions of Missouri courts upon which Plaintiff relies, all they establish is that the MHRA applies to governmental employers; none of them address the specific issue of punitive damages in light of the Missouri Supreme Court's prior cases requiring specific language before such punitive damages may be awarded against them.

Kline controls this Court's decision, and the motion is granted.  Plaintiff's claim for punitive damages is dismissed.

IT IS SO ORDERED.

DATE: October 20, 2006

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT